Filed
10/23/2023 10:56 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. <u>2023CCV-61346-2</u>

| | | |
|---|---|---|
| **RAQUEL CARRILLO,** | § | **IN THE COUNTY COURT** |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **AT LAW NO. ___** |
| | § | |
| **CVS PHARMACY, INC.** | § | |
| **DEFENDANT** | § | |
| | | **NUECES COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES RAQUEL CARRILLO**, hereinafter referred to by name or as Plaintiff, and complains of **CVS PHARMACY, INC.,** hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.      Pursuant to Texas Rule of Civil Procedure 190, Plaintiff intends to conduct discovery under Level 3.

### II. PARTIES

2.      Plaintiff **RAQUEL CARRILLO** (DL No. xxxxx422, SSN xxx-xx-x075) is an individual residing in Nueces County, Texas.

3.      Defendant **CVS PHARMACY, INC.** is a corporation who may be served with process through its registered agent, CT Corporation System located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

### III. JURISDICTION AND VENUE

4.      This Honorable Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. Venue is proper in Nueces, Texas pursuant to the Texas Civil Practice & Remedies Code §15.002 because all or a substantial part of the events or omissions

giving rise to the claim occurred in Nueces County, Texas.

### IV. FACTS

5.      The incident that makes the basis of this lawsuit arises out of an incident that occurred on October 17, 2022 at a premises located at 1000 N. 1st Street, Robstown, Texas 78380 ("the premises"). On the date of this incident, Plaintiff **RAQUEL CARRILLO** was an invitee to the premises. Defendant **CVS PHARMACY, INC.** was the owner, controller and/or possessor of this premises.

6.      On the date of this incident, a dangerous and/or defective condition was present upon the premises. The floor remained wet after an employee had just finished mopping. On the date of this incident, Plaintiff was unaware of this dangerous and/or defective condition on the premises.

7.      On the date of this incident, Defendant **CVS PHARMACY, INC.** either knew, or by use of ordinary care, should have known of the existence of the dangerous and/or defective condition that existed on the premises. This dangerous and/or defective condition posed an unreasonable risk of harm to Plaintiff, and such unreasonable risk of harm was foreseeable by Defendant.

8.      Defendant failed to adequately warn Plaintiff of the condition and/or failed to make the condition reasonably safe. **CVS PHARMACY, INC. did not have**

9.      As a direct result of the dangerous and/or defective condition on the premises, Plaintiff was injured and suffered damages, Plaintiff continues to suffer with injuries and damages caused by this incident, and Plaintiff will continue to suffer with injuries and damages caused by this incident for the forseeable future.

## V.  CAUSES OF ACTION

**A.      PREMISES LIABILITY – CVS PHARMACY, INC.**

At the time of the incident, Defendant **CVS PHARMACY, INC.**was the owner, controller, and/or possessor of the premises.  As such, Defendant breached his/her duty to Plaintiff by one or more of the following:

    a.    Failing to use ordinary care in maintaining the premises in a reasonably safe condition for Plaintiff;

    b.    Failing to use ordinary care to discover conditions on the premises that posed an unreasonable risk of harm that was foreseeable to Plaintiff;

    c.    Failing to adequately warn Plaintiff of the condition that posed an unreasonable risk of harm that was foreseeable; and

    d.    Failing to make a condition that posed an unreasonable risk of harm that was foreseeable reasonably safe for Plaintiff.

Each of these foregoing acts and/or omissions, taken together or individually, constitutes negligence.  Each act and/or omission was a direct producing and proximate cause of the incident and of the real and actual injuries and damages sustained by Plaintiff.

## VI.  DAMAGES

10.     As a result of Defendant's negligence, Plaintiff suffered extensive injuries and damages that are within the jurisdictional limits of this court.  As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

    a.    Medical expenses incurred in the past;

    b.    Medical care expenses that will be incurred in the future;

    c.    Physical pain sustained in the past;

    d.    Physical pain that will be sustained in the future;

    e.    Loss of earning capacity sustained in the past;

f.      Loss of earning capacity that will be sustained in the future;

g.      Mental anguish sustained in the past; and

h.      Mental anguish that will be sustained in the future.

11.    Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers.  However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.  INTENT TO USE DEFENDANT DOCUMENTS

12.    Take notice that any document produced by any Defendant in response to written discovery will be used by Plaintiff at any pre-trial proceeding or trial.  The authenticity of such items is self-proven per Texas Rule of Civil Procedure 193.7.

## X.  U.S. LIFE TABLES

13.    Take notice that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI.  JURY TRIAL

14.    Plaintiff demands a trial by jury and pays the appropriate jury fees.

## XII.  RELIEF

15.    Plaintiff requests that each Defendant be cited to appear and answer this lawsuit, and that upon final hearing, Plaintiff recover judgment against each Defendant for:

a.  Plaintiff's medical expenses that were incurred in the past, which were reasonable and necessary for the medical care received by Plaintiff;

b.  Plaintiff's medical expenses that will be incurred in the future in an amount to be determined by the jury;

c.  Plaintiff's physical pain sustained in the past in an amount to be determined by the jury;

d.  Plaintiff's physical pain that will be sustained in the future in an amount to be determined by the jury;

e.  Plaintiff's loss of earning capacity sustained in the past;

f.  Plaintiff's loss of earning capacity that will be sustained in the future in an amount to be determined by the jury;

g.  Plaintiff's mental anguish sustained in the past in an amount to be determined by the jury; and

h.  Plaintiff's mental anguish that will be sustained in the future in an amount to be determined by the jury.

i.  Interest on the judgment at the legal rate from the date of judgment;

j.  Pre-judgment interest on Plaintiff's damages as allowed by law;

k.  All costs of court; and

l.  Such other and further relief, both general and special, legal and equitable, to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS J. HENRY
5711 UNIVERSITY HEIGHTS BLVD. #101
SAN ANTONIO, TEXAS 78249
PHONE: (361) 985-0600; FAX: (361) 985-0601


BY: *Chantal L. Lillie*
_____
CHANTAL L. LILLIE
STATE BAR NO. 24123266
*email: clillie-svc@tjhlaw.com*
ATTORNEYS FOR PLAINTIFF

* service by email to this address only

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chantal Lillie on behalf of Chantal Lillie
Bar No. 24123266
clillie-svc@thomasjhenrylaw.com
Envelope ID: 80853950
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 10/23/2023 1:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chantal lillie | | clillie-svc@tjhlaw.com | 10/23/2023 10:56:40 AM | SENT |